# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH BURNS,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVENTIST MIDWEST HEALTH d/b/a<br>ADVENTIST HINSDALE HOSPITAL,<br>an Illinois Corporation; CARISSA T. DONATO,<br>R.N., individually, and as duly authorized agent<br>of Adventist Hinsdale Hospital; and<br>TYRAN E. JOHNSON, D.D.S. individually, and<br>as duly authorized and/or apparent agent<br>of Adventist Hinsdale Hospital<br><br>    Defendants. | No. |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ELIZABETH BURNS, by and through her attorneys, LEVIN, RIBACK LAW GROUP, P.C., complaining of defendants, ADVENTIST MIDWEST HEALTH d/b/a ADVENTIST HINSDALE HOSPITAL, an Illinois Corporation; CARISSA T. DONATO, R.N., individually, and as duly authorized agent of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital; and TYRAN E. JOHNSON, D.D.S., individually and as duly authorized and/or apparent agent of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1332(a)(1), which gives District Courts jurisdiction over civil actions between citizens of different states. There exists complete diversity, and the amount in controversy exceeds $75,000.

2. Venue is appropriate in this judicial district under 28 U.D.C. Sec. 1391(b), because the events that gave rise to this Complaint occurred in this district.

## PARTIES

3. Plaintiff ELIZABETH BURNS is a citizen of the United States and the State of New York. She resides in and is domiciled in Brooklyn, New York. Elizabeth Burns is a citizen of and resident of the State of New York.

4. Defendant, ADVENTIST MIDWEST HEALTH d/b/a ADVENTIST HINSDALE HOSPITAL, is a corporation incorporated in the State of Illinois, with its principal place of business at 120 Oak Street, Hinsdale, Illinois.

5. Defendant CARISSA T. DONATO, R.N., is a registered nurse in the State of Illinois, and a duly authorized agent of ADVENTIST MIDWEST HEALTH d/b/a ADVENTIST HINSDALE HOSPITAL. Defendant CARISSA T. DONATO, R.N., is also a citizen of the United States and the State of Illinois, who resides in Naperville, Illinois.

6. Defendant TYRAN E. JOHNSON, D.D.S. is a licensed dentist in the State of Illinois, and a citizen of the United States and the State of Illinois, whose primary dental practice is located in Hinsdale, Illinois at 105 E. 1st Street, Suite 103, Hinsdale, Illinois.

## GENERAL ALLEGATIONS
### COUNT I
### ADVENTIST MIDWEST HEALTH d/b/a ADVENTIST HINSDALE HOSPITAL AND CARISSA T. DONATO, R.N.

7. On and prior to August 2, 2013, Defendant, Adventist Midwest Health d/b/a Adventist Midwest Health was a healthcare provider and is licensed to do business in the State of Illinois.

8. On and prior to August 2, 2013, Defendant, Adventist Midwest Health d/b/a Adventist Midwest Health operated a healthcare facility known as Adventist Hinsdale Hospital located in the City of Hinsdale, Illinois and is located within the jurisdiction of the Northern District of Illinois.

9. On and prior to August 2, 2013, Defendant, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital was a corporation in the business of employing and/or engaging as its agents, various physicians and nurses to render medical care and treatment to patients at Adventist Hinsdale Hospital.

10. At all times relevant to this action, Tyran Johson, D.D.S., was a medical doctor who was the employee and/or actual and/or apparent agent of Defendant, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital.

11. On and prior to August 2, 2013, Defendant, Carissa Donato, R.N., was an employee and/or actual and/or apparent agent of Defendant, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital.

12. At all times relevant to this action, Defendant, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital and Defendants Tyran Johsnon,D.D.S., and Carissa Donato, R.N., individually and/or as agents of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital, held themselves out to the public, and to the Plaintiff, Elizabeth Burns, as having the requisite skill, competence, facilities, personnel, equipment and medical knowledge to properly care for and treat patients like the Plaintiff, Elizabeth Burns.

13. At all times relevant to this action, the Plaintiff, Elizabeth Burns, possessed no medical knowledge, nor did she have any facilities to care for and/or cure herself.

14. On July 31, 2013, Elizabeth Burns was admitted to Adventist Hinsdale Hospital to undergo a surgical procedure to repair a maxillofacial deformity.

15. Following the surgical procedure on July 31, 2013, Elizabeth Burns was admitted to Adventist Hinsdale Hospital for a course of post-operative care and in-patient pain management.

16. On and before August 2, 2013, Defendant, Tyran Johson, D.D.S., was the attending physician in charge of supervising the medical care provided to the plaintiff, Elizabeth Burns, by Adventist Midwest Health d/b/a Adventist Hinsdale Hospital agents and/or employees, including Defendant, Carissa Donato, R.N.

17. At all relevant times, Defendant Tyran Johnson, D.D.S., while acting individually and/or in the scope of his actual and/or apparent agency and/or employment for Defendant Adventist Midwest Health d/b/a Adventist Hinsdale Hospital, had a duty to exercise the degree of care, skill and diligence that other physicians and dentists would exercise in the same or similar circumstances and had a duty to comply with the standard of care in the community and that standard of care put forth by Defendant, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital.

18. At all relevant times, Defendant, Carissa Donato, R.N., while acting individually and in the scope of her actual and/or apparent agency and/or employment at Adventist Midwest Health d/b/a Adventist Hinsdale Hospital, had a duty to exercise the degree of care, skill and diligence that other nurses would exercise in the same or similar circumstances and had a duty to comply with the standard of care in the community and the standard of care put forth by Defendant, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital.

19. As part of that post-operative care, Elizabeth Burns was prescribed a series of methylprednisolone infusions.
20. On July 31, 2013, and August 1, 2013, those infusions of methylprednisolone were administered intravenously.
21. On August 2, 2013, Tyran Johnson, D.D.S., while caring for Elizabeth Burns, wrote an order for methylprednisolone to be administered to Elizabeth Burns.
22. On August 2, 2013, Carissa T. Donato, R.N., while caring for Elizabeth Burns and acting in the scope of her employment as the duly authorized agent of Hinsdale Adventist Hospital, administered an additional methylprednisolone injection to Elizabeth Burns, however, this injection was not administered intravenously, but rather intramuscularly, into the region of Elizabeth Burns' right arm.
23. The standard of care requires that an injection of methylprednisolone not be administered intramuscularly into the arm but in another region of the body that can absorb the medication.
24. Elizabeth Burns was discharged from Adventist Hinsdale Hospital on August 3, 2013.
25. On or about October 15, 2013, Elizabeth Burns developed a deformity in the area of her right upper arm, at the site of the methylprednisolone injection that was prescribed by Tyran Johnson, D.D.S and administered by Carissa T. Donato, R.N., during her post-operative care at Adventist Hinsdale Hospital. Elizabeth Burns did not know nor could she have known that the methylprednisolone was administered incorrectly as she had no signs or

symptoms of a problem in her arm for more than 2 ½ months until she noticed the deformity.

26. At all times relevant to this Complaint, Defendants Adventist Midwest Health d/b/a Adventist Hinsdale Hospital and Clarissa T. Donato, R.N., individually, acting as the actual and apparent agent of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital, owed Plaintiff Elizabeth Burns, a duty to exercise the degree of care, skill, knowledge and diligence that other similar health care providers would exercise in the same or similar circumstances, and had a duty to comply with the standard of care in the community. Defendants, Adventist Midwest Health d/b/a Adventist Hinsdale Hospital and Clarissa T. Donato, R.N., individually, and as agent of Adventist Hinsdale Hospital, breached the duty owed to Elizabeth Burns and deviated from the appropriate standard of care in one or more of the following ways:

   a. Improperly injected methylprednisolone into her arm when it should have been injected into the buttocks region or administered intravenously;
   b. Improperly allowed its employees/agents to perform an intramuscular methylprednisolone injection to Plaintiff's right arm;
   c. Improperly administered a methylprednisolone injection into Plaintiff's right arm;
   d. Failed to check with the treating physician to confirm how and where the methylprednisolone injection should be performed;
   e. Failed to take the necessary remedial measures after Defendants knew said injection was performed improperly;

    f. Failed to follow the physician's instructions and administer the injection intravenously or into the gluteal area;

    g. Discharged Plaintiff after having performed said injection improperly and failed to advise Plaintiff of the dangers and side effects of the improper injection;

    h. Failed to instruct its employees and agents, including, but not limited to its nursing staff, on the proper method and place to perform an intramuscular methylprednisolone injection.

27. When Elizabeth Burns was administered this injection of methylprednisolone, she had no reason to think, suspect or know that a mistake or error had been made in her medical treatment. As such, she did not know and could not have known that any medical negligence had been committed on her until October 15, 2013 when she first noticed the deformity in her arm.

28. As a direct result of the injection of methylprednisolone that was negligently administered intramuscularly to the region of Elizabeth Burns' right arm, she now suffers from a permanent deformity, and continues to experience disability and pain and suffering that will remain with her for the rest of her life.

29. She has had to incur medical expenses for testing and care and treatment of her arm. She continues to suffer from neurological problems in her right arm as a result of this improper injection. The deformity that she has developed along with the neurological compromise are permanent problems she will have for the remainder of her life.

30. Attached as Exhibit A is the affidavit of Richard Levin, the attorney for Plaintiff, indicating that he has had this matter reviewed by two physicians who are knowledgeable in the issues of this matter and believes that there is a reasonable and meritorious basis to bring this lawsuit.

31. Attached as Exhibits C and B are two reports of physicians. Both have reviewed the medical records in this case and by experience in the field believe that there is a reasonable and meritorious basis to bring this action and the physician believes that both the nurse and the physician deviated from the standard of care in treating Elizabeth Burns.

WHEREFORE, Plaintiff Elizabeth Burns demands judgment against Defendants Adventist Midwest Health d/b/a Adventist Hinsdale Hospital and Carissa T. Donato, R.N., individually, and as agent of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital in excess of $1,000,000.00.

## COUNT II
## TYRAN E. JOHNSON, D.D.S.

32. Tyran E. Johnson, D.D.S. is a licensed dentist in the State of Illinois, and is in the practice of performing maxillofacial surgery at, among other locations, Adventist Hinsdale Hospital.

33. On July 31, 2013, Tyran E. Johnson, D.D.S., performed maxillofacial surgery on Elizabeth Burns at Adventist Hinsdale Hospital.

34. Tyran Johnson, D.D.S, was the actual and/or apparent agent and employee of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital and cared for Elizabeth Burns in his capacity as the actual and/or apparent agent and employee of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital.

35. Following the aforementioned surgical procedure, Elizabeth Burns was admitted to Adventist Hinsdale Hospital, under the supervision and direction of Tyran E. Johnson, D.D.S., for post-operative care and pain management.

36. During her period of post-operative care at Adventist Hinsdale Hospital, Elizabeth Burns received various medications prescribed by Tyran E. Johnson, D.D.S., that were administered orally, intravenously, and through intramuscular injection.

37. Among the medications prescribed, was an injection of methylprednisolone that Tyran E. Johnson, D.D.S. ordered on August 2, 2013. The order on that date called for that injection to be prescribed intramuscularly, and said injection was administered to the area of Elizabeth Burns' right upper arm.

38. Elizabeth Burns was discharged from Adventist Hinsdale Hospital on August 3, 2013, yet remained under the care of Tyran E. Johnson, D.D.S., for a period of time thereafter.

39. On or about October 15, 2013, Elizabeth Burns developed a deformity in her right upper arm, at the site of the methylprednisolone injection that was prescribed by Tyran E. Johnson, D.D.S. on August 2, 2013.

40. At all times relevant to this Complaint, Defendant Tyran E. Johnson, D.D.S., individually and as the duly authorized agent and/or apparent agent of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital owed Plaintiff Elizabeth Burns, a duty to exercise the degree of care, skill, knowledge and diligence that other similar health care providers would exercise in the same or similar circumstances, and had a duty to comply with the standard of care in the

community. Tyran E. Johnson, D.D.S. breached that duty owed to Elizabeth Burns, and deviated from the standard of care in one or more of the following ways:

   a. Improperly prescribed a methylprednisolone injection to be administered in the area Elizabeth Burns' right arm;
   b. Failed to instruct and/or supervise the nursing staff at Adventist Hinsdale Hospital on the proper administration of intramuscular methylprednisolone injections;
   c. Failed to warn Elizabeth Burns on the dangers and permanent side effects of an improperly administered intramuscular methylprednisolone injections;
   d. Failed to provide adequate and appropriate follow up medical care when he knew or should have known that said injection was administered improperly;
   e. Failed to properly order and instruct that the methylprednisolone injection should have been ordered in the region of the buttocks/gluteal muscles;
   f. Failed to properly specify that the methylprednisolone should have been administered in the region of the buttocks/gluteal muscles or intravenously.

41. When this injection was administered to Elizabeth Burns, she had no reason to suspect or know nor could she have known that there was a deviation from the standard of care. On or around October 15, 2013 Elizabeth Burns developed a deformity of the right arm at the site of the methylprednisolone, she had no

reason to think, suspect or know that a mistake or error had been made in her medical treatment. As such, she did not know, or could not have known that any medical negligence has been committed on her until October 15, 2013.

42. As a direct result of the injection of methylprednisolone that was negligently administered to the region of Elizabeth Burns' right arm, she now suffers from permanent deformity and continues to suffer disability and pain and suffering that will remain with her for the rest of her life. She has had to incur medical expenses for testing and care and treatment of her arm. She continues to suffer from neurological problems in her right arm as a result of this improper injection. The deformity that she has developed along with the neurological compromise are permanent problems she will have for the remainder of her life.

43. Attached as Exhibit A is the affidavit of Richard Levin, the attorney for Plaintiff, indicating that he has had this matter reviewed by a physician who is knowledgeable in the issues of this matter and believes that there is a reasonable and meritorious basis to bring this lawsuit.

44. Attached as Exhibits B and C are two reports of physicians. Both have reviewed the medical records in this case and by experience in the field believe that there is a reasonable and meritorious basis to bring this action and the physicians believe that both the nurse and the physician deviated from the standard of care in treating Elizabeth Burns.

WHEREFORE, Plaintiff Elizabeth Burns demands judgment against Defendant Tyran E. Johnson, D.D.S., individually and as the duly authorized agent and/or the

apparent agent of Adventist Midwest Health d/b/a Adventist Hinsdale Hospital in an amount in excess of $1,000,000.00.

                                      Respectfully Submitted,

                                      LEVIN RIBACK LAW GROUP, P.C.

                                      By: /s/ Richard I. Levin
                                               Richard I. Levin, Esq.